# IN THE UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DALE NOLEN STEVENS**, <br><br> Petitioner, <br><br> v. <br><br> **NAPLES CITY JUSTICE COURT et al.**, <br><br> Respondents. | **MEMORANDUM DECISION & ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED** <br><br> Case No. 2:18-CV-392 DAK <br><br> Judge Dale A. Kimball |

Citing violations of the Federal Constitution, Petitioner Dale Nolen Stevens attacks his conviction on a traffic violation in Utah justice court. 28 U.S.C.S. § 2254 (2018). His punishment was a fine.

Federal statute requires that a petitioner for a writ of habeas corpus be "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2254(a) (2018). A petitioner thus must show that he is in custody; the requirement is jurisdictional. *Mays v. Dinwiddie*, 580 F.l3d1136, 1139 (10th Cir. 2009). Proper construction of "custody" under the statute is a legal question. *Id.* at 1138.

Not every restriction regarding federal rights warrants a habeas-corpus remedy. *Lehman v. Lycoming County Children's Servs. Agency*, 458 U.S. 502, 510 (1982). So, collateral consequences of conviction that have only a negligible effect on liberty or movement do not satisfy the "custody" requirement. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008). For example, fines imposed on a petitioner do not satisfy it; there must instead be a significant restraint of liberty. *Erlandson v. Northglenn Mun. Ct.*, 528 F.3d 785, 788 (10th Cir. 2008).

**IT IS ORDERED** that Petitioner must within thirty days **SHOW CAUSE** why the Petition should not be dismissed for lack of jurisdiction.

DATED this 5th day of October, 2018.

BY THE COURT:

_____
JUDGE DALE A. KIMBALL
United States District Court